ANA LUCÍA ANTONGIORGI BOAGNA, Appellant, *v.* THE REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1316. Submitted May 2, 1955.—Decided May 23, 1955.

*Luis López de Victoria* for appellant. The Registrar appeared by brief.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Lucía Boagna Rafaelli executed an open will on December 6, 1933. In that will she bequeathed to her daughter, Ana Lucía Antongiorgi Boagna, a house No. 28 on Comercio Street, Yauco. The testatrix died in March, 1934,

and thereafter the will was presented in the Registry of Property of San Germán, together with the inheritance-tax receipt and other complementary documents, for the purpose of recording the house in question in favor of the legatee. The registrar refused to record based on the following note:

"Record of the preceding document, will No. 75 executed in Ponce on December 6, 1933, before Notary Benigno Fernández García, is denied as respects property B, consisting of house No. 28 on Comercio Street, Yauco, bequeathed to Ana Lucía Antongiorgi Boagna, on the ground that, as it appears from the attached inheritance-tax receipt, it comprises only one condominium equal to one half of the property, on which the corresponding tax was levied and collected, and not on the entire property sought to be recorded. Cautionary notice of her legacy is entered for the legal term of 120 days in favor of Ana Lucía Antongiorgi Boagna, at folio 110 reverse, Vol. 102 of Yauco, property No. 68 duplicate, entry C."

The appellant prays that we set aside the preceding decision on the ground that, in her opinion, the registrar erred "in considering, when passing upon the documents, the bases relied on by the Treasurer of Puerto Rico for levying and collecting the inheritance tax."

■■ Appellant is not right. Section 12 of Act No. 99 of August 29, 1925 (Sess. Laws, p. 790), as amended by Act No. 20 of April 27, 1933 (Sess. Laws, p. 232), which was in force on the date of death of the testatrix, provided that ". . . no registrar shall record in any registry under his charge any instrument . . . in connection with the partition, distribution or delivery of such property [of a deceased], unless such receipt or receipts of the Treasurer are presented; . . ." (Brackets ours.) In *Noguera v. Registrar,* 72 P.R.R. 186, we stated that this legal provision [1] is binding on registrars "and when any instrument is presented for registration, whereby properties of a decedent are divided, distributed or delivered, it is their duty, before recording same, to ascertain whether the receipt issued by the Treasurer of Puerto Rico establishing payment of the inheritance

tax has been attached thereto, or whether in default of the receipt, a certificate has been presented to the effect that the property sought to be recorded is exempt from the payment of the inheritance tax." We agree with the respondent registrar that his power to pass on the document extends to determining, on the face of the receipt or receipts presented, whether or not the inheritance tax has been paid, or whether the estate is tax exempt.

The inheritance-tax receipt [2] presented to the registrar in the instant case evidences payment of the inheritance tax on a condominium equal to one half of the property sought to be recorded in its entirety. It is clear, on the face of the receipt, that the inheritance tax has not been paid on the other condominium and that it has not been established that it is tax exempt. It was the registrar's duty, by express mandate of the law, to refuse the registration sought.

The decision appealed from will be affirmed.

---

[1] Although reference was made in that case to § 12, as amended by Act No. 189 of 1948 (Sess. Laws, p. 526), the limitation on the registrar was not altered.

[2] Said receipt reads in part:

"Be it made known that Eugenia Antongiorgi Boagna, administratrix, executrix, or person in charge of the inheritance by reason of the death of Lucía Boagna y Rafaelli, has paid to The People of Puerto Rico the sum of eight hundred eighty-eight dollars and eighty cents, *in full payment of the inheritance tax* allocated to the difference shares of such inheritance. The participants and the partial amounts paid are as follows: María Antonia, known as Antonia Antongiorgi Boagna, 172.96; Ana Lucía, known as Lucía or Lulú Antongiorgi Boagna, 172.96; María Angelina, known as María Antongiorgi Boagna, 172.96; Angelina, known as América Antongiorgi Boagna, 172.96; Eugenia María, known as Cheni or Sieni Antongiorgi Boagna, 172.96; Eulalia, known as Lalí Antongiorgi Antongiorgi, exempt; Eugenia Antongiorgi, exempt; Áurea Antongiorgi, exempt; Amalia Vega, 24.00. Amount of tax: $888.80. Paid: June 27, 1934—$888.80. The description and value of the *property which it is claimed belongs to the deceased in the instant case, on which the inheritance tax has been levied, are the following:*" (Italics ours.) (Here follows a recital of 20 condominia, each of which is equal to one half of an equal number of real properties, in addition to a rural property and a house and lot in Cayey.) The house bequeathed to petitioner is described on the receipt as follows: "One condominium equal to one half of a house on lot belonging to the municipality, located on Comercio Street No. 28, Yauco, $2,000."